

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

THE NATIONAL FOOTBALL LEAGUE
PLAYERS ASSOCIATION,

            Plaintiff,

-against-

THE NATIONAL FOOTBALL LEAGUE
MANAGEMENT COUNCIL,

            Defendant.

ECF Case

Civil Action No.

COMPLAINT

## INTRODUCTION

1.     This case seeks a declaratory judgment concerning the pre-emptive effect under federal labor law of an arbitral award ("Award") in favor of the National Football League Players Association ("NFLPA") issued by an arbitrator under the NFL's Collective Bargaining Agreement ("CBA"). The Award was confirmed by this Court in an earlier related proceeding. Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council, No. 08 Civ. 3658 (PAC), 2009 WL 855946 (S.D.N.Y. Mar. 26, 2009) (Crotty, J.). This Court also held that the arbitral Award pre-empted inconsistent state laws that would provide NFL players with certain employee benefits inferior to those available under the CBA. See Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council, No. 08 Civ. 3658 (PAC), at *3 (S.D.N.Y. Jan. 3, 2012) (Crotty, J.).

2.     Subsequently, the Second Circuit held that the district court erred in reaching the question of whether the Award was entitled to a pre-emptive effect. This ruling was made on the narrow ground that the NFLPA should have filed a "separate action for a declaratory judgment" on the pre-emption issue, as opposed to litigating that issue in the context of a limited action to

confirm the arbitral Award.  See Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council, No. 12-0402-cv, 2013 WL 1693951, at *4 (2d Cir. Apr. 19, 2013).  The NFLPA, pursuant to the Second Circuit's decision, now brings this separate action for such a declaratory judgment.

## PARTIES AND JURISDICTION

3.      The NFLPA is a labor organization certified by the National Labor Relations Board as the exclusive bargaining representative of all players in the National Football League ("NFL").  The NFLPA's headquarters is located at 1133 20th Street, NW, Washington, DC 20036.

4.      The National Football League Management Council ("NFLMC") is the sole and exclusive bargaining representative of present and future employer member clubs of the NFL. The NFLMC's headquarters is located at 345 Park Avenue, New York, New York 10154.

5.      This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331, in that this action arises under the Labor Management Relations Act, and under § 1332, in that it is a suit between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), in that the NFLMC resides in this district, and under §1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## BACKGROUND

7.      The parties are bound by a CBA[1] negotiated between the NFLMC, on behalf of

all Clubs, and the NFLPA, on behalf of all NFL Players.  The NFL Player Contract, which every

NFL Club and NFL Player must enter into and is part of the CBA, includes a provision –

Paragraph 10 – that prohibits Clubs from taking "dollar-for-dollar offsets" and instead only

permits them to take "time" offsets from injured NFL players' workers' compensation awards.[2]

8.      Specifically, Paragraph 10, which is entitled "Workers' Compensation" and

governs any "credit" or "offset" to which a Club may be entitled to against any workers'

compensation benefits received by a player, provides:

> Any compensation paid to a Player under this contract or under
> any collective bargaining agreement in existence during the term
> of this contract for a period during which he is entitled to workers'
> compensation benefits by reason of temporary total, permanent
> total, temporary partial, or permanent partial disability will be
> deemed an advance payment of workers' compensation benefits
> due Player, and Club will be entitled to be reimbursed the amount
> of such payment out of any award of workers' compensation.

9.      The CBA requires mandatory and exclusive arbitration over all disputes

concerning the NFL Player Contract, including Paragraph 10.   The NFLPA and NFLMC

arbitrated the meaning of Paragraph 10 five times over the past several decades.  In every case,

---

[1] The dispute leading to the Award arose under the now expired 2006-2012 CBA.  The parties entered into a new CBA on August 4, 2012, but that CBA continues Paragraph 10 of the NFL Player Contract, without any change, so the arbitration Award at issue also applies to Player Contracts under the new CBA as the law of the shop.

[2] The difference between the two types of offsets is significant.  NFL Players whose workers' compensation awards are subject to the "dollar-for-dollar" offset wind up getting zero workers' compensation benefits because benefits available under the CBA exceeded the available monetary workers' compensation benefits  In other words, the Clubs would be able to claim a credit – on a dollar-for-dollar basis – for all of the CBA benefits received by the players on account of the injury.  In contrast, a "time" offset only allows a Club to recover workers' compensation payments during the period the player is entitled to benefits under the CBA.  See Nat'l Football League Players Ass'n, 2013 WL 1693951, at *1.

the arbitrator ruled in favor of the NFLPA, that is, that Paragraph 10 provides only for a limited time offset.

10.    Notwithstanding all of the arbitral awards in favor the NFLPA, the NFLMC and its member NFL Clubs continued to defiantly seek and obtain dollar-for-dollar offsets in workers' compensation tribunals in those states that permit employers to obtain such offsets.

11.    In 2005, in an effort to halt the NFLMC's disregard of the prior arbitral awards, the NFLPA commenced a grievance under the CBA asking the arbitrator to confirm that NFL Clubs were entitled only to a limited time offset.

12.    On February 14, 2007, Arbitrator Shyam Das issued the Award in that grievance, ruling in favor of the NFLPA and declaring that Paragraph 10 provided for only a limited time offset.

13.    The Award expressly declares that Paragraph 10 is a collectively bargained for "benefit" and "right" of the Players to obtain workers' compensation benefits by limiting the offsets to which Clubs are entitled.

14.    Arbitrator Das concluded, and the NFLPA and NFLMC agreed, "that because the Management Council [the NFLMC] was the Clubs' bargaining representative, all Clubs would be bound by the arbitration." See Nat'l Football League Players Ass'n, 2013 WL 1693951, at *4 n.4.

15.    This Court confirmed the Award over the Clubs' objections. See Nat'l Football League Players Ass'n, 2009 WL 855946, at *4.

16.    Notwithstanding this Court's confirmation of the Award, which converted the Award to a judgment of the district court ("Judgment"), NFL Clubs continued to flout the Award by seeking dollar-for-dollar offsets.

4

17.    In light of the Club's violation of the Award and Judgment, the NFLPA moved to enforce them before this Court.   On March 25, 2011, this Court entered a permanent injunction ("Permanent Injunction"), holding that the Clubs were prohibited from seeking or obtaining dollar-for-dollar offsets.   See Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council, No. 08 Civ. 3658 (PAC), 2011 WL 1137334, at *1 (S.D.N.Y. Mar. 25, 2011) (Crotty, J.).

18.    Notwithstanding the Permanent Injunction, NFL Clubs continued to seek dollar-for-dollar offsets in state workers' compensation tribunals.

19.    The NFLPA thus moved this Court to hold the NFLMC in contempt of the Permanent Injunction.   This Court denied that motion, and instead clarified the terms of the Permanent Injunction.   See Nat'l Football League Players Ass'n, No. 08 Civ. 3658 (PAC), at *3 (S.D.N.Y. Jan. 3, 2012).   Specifically, this Court held that the Award established that Paragraph 10 prohibited the NFLMC and Clubs from seeking dollar-for-dollar offsets and that the Award also pre-empted any conflicting state law ("Pre-emption Ruling").

20.    The NFLMC appealed this Court's decisions.   The Second Circuit, while not disturbing this Court's Permanent Injunction enforcing the Award, vacated the Pre-Emption Ruling due to "the procedural posture of the case."   See Nat'l Football League Players Ass'n, 2013 WL 1693951, at *3.   Specifically, the Second Circuit held that the district court should not have reached the pre-emption issue in the context of a case seeking the narrow relief of confirmation of the Award as the Award itself did not reach the pre-emption issue. Id.

21.    The Second Circuit, however, expressly did "not consider the merits of the district court's preemption analysis" and its "decision [was] without prejudice to future adjudication of

the preemption question through a separate action." See Nat'l Football League Players Ass'n, 2013 WL 1693951, at *3.

22.     Significantly, the Second Circuit made clear that "[a]s Management [the NFLMC] acknowledged at oral argument, the NFLPA is free to bring a separate action for a declaratory judgment that, under federal labor law, Paragraph 10 preempts contrary state laws." Id. at *4 (emphasis added).  This is that action.

## COUNT I

## DECLARATORY JUDGMENT

23.     The NFLPA repeats and realleges Paragraphs 1-22 as if set forth fully and verbatim herein.

24.     The NFLPA contends that the Award providing that Paragraph 10 of the NFL Player Contract provides only for a limited time offset pre-empts any state law that would allow NFL Clubs to obtain dollar-for-dollar offsets because the Award holds that Paragraph 10 is a collectively bargained-for "right" and "benefit" of the Player, and allowing Clubs to use state law to defeat such a collectively bargained-for "right" and "benefit" would nullify the collectively bargained-for right which, under federal labor law, pre-empts any state law that would provide for a lesser benefit.

25.     The NFLMC contends just the opposite, namely, that notwithstanding the Award, Clubs are free to obtain whatever offsets are available under any state workers' compensation law.  Pursuant to this position, various member Clubs of the NFLMC have repeatedly sought, and are continuing to seek, rulings from state workers' compensation tribunals that state law should take precedence over Paragraph 10 and that dollar-for-dollar offsets should be provided to the Clubs.

26.    Thus, an actual, live and continuing controversy exists between the NFLPA, on the one hand, and the NFLMC and its member Clubs on the other hand, concerning whether Paragraph 10 and the Award pre-empts any inconsistent state laws.

27.    Accordingly, the NFLPA requests a declaration, pursuant to 28 U.S.C. § 2201, that, under federal labor law pre-emption and other applicable law, Paragraph 10 of the NFL Player Contract and the Award pre-empts any inconsistent state laws such that no NFL Club may seek, against any NFL Player or former NFL Player that entered into a Player Contract with Paragraph 10, any offset other than the limited time offset permitted by Paragraph 10 and the Award.

**WHEREFORE**, the NFLPA respectfully requests the following relief:

A.    Pursuant to 28 U.S.C. § 2201, and other applicable principles of law, an Order from this Court declaring that, under federal labor law and other applicable principles of law, Paragraph 10 of the NFL Player Contract and the Award pre-empts any inconsistent state laws;

B.    Pursuant to 28 U.S.C. §§ 2201 and 2202, and other applicable principles of law, an Order from this Court permanently enjoining the NFLMC and every NFL Club that belongs to the NFLMC from seeking or obtaining dollar-for-dollar offsets against any workers' compensation benefits awarded to any current or former NFL Player, regardless of whether such offsets are permitted under state laws; and

C.    An award of attorneys' fees and costs.

Dated:  April 29, 2013                    Respectfully submitted,

                                          WINSTON & STRAWN LLP
                                          Jeffrey L. Kessler
                                            jkessler@winston.com
                                          Adam J. Kaiser
                                            akaiser@winston.com
                                          Jeffrey H. Newhouse
                                            jnewhouse@winston.com
                                          200 Park Ave.
                                          New York, New York 10166
                                          Telephone:  212.294.6700
                                          Facsimile:  212.294.4700

                                          *Attorneys for NFLPA*